SCOTT KEITH WILSON, Federal Public Defender (#7347)
CARLOS A. GARCIA, Assistant Federal Public Defender (#6877)
OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
*Attorneys for Defendant*
46 West Broadway, Suite 110
Salt Lake City, Utah    84101
Telephone: (801) 524-4010
Email: carlos_garcia@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER JON OGILVIE,<br><br>Defendant. | **DEFENDANT'S<br>SENTENCING MEMORANDUM**<br><br><br>Case No. 2:23-CR-00063 TC |

The Defendant, Alexander Jon Ogilvie, by and through his counsel of record, Carlos A. Garcia, submits this Sentencing Memorandum and respectfully requests that this Court impose a prison sentence of twelve months and one day.  This sentence, while a significant reduction from a guideline range of 21-27 months, is sufficient, but not greater than necessary in this case based on the nature and circumstances of the offense and Alexander's history and characteristics. Alexander is a young man who has, due to this period of incarceration, gained considerable insight into his actions.

## INTRODUCTION AND STATEMENT OF FACTS

As noted in the Presentence Report (PSR), Alexander had a very difficult childhood. He did not know his father until he was around 14 years old, when his father was released from prison. (PSR, Par. 46). For several years his mother has been in a relationship with Preston James-Lucero who is Alexander's uncle. (PSR, Par. 47). This relationship began when Alexander was about 13 years old. Alexander's grandmother noted that Alexander did not have much discipline growing up and would often leave the house due to arguments between his mother and Preston. This led to him associating with the wrong crowd. (*Id.*) Alexander became involved with gangs in high school as he was hanging out with gang members. But he stopped associating with the gang after he obtained his juvenile conviction. (PSR, Par. 44).

On June 4, 2022, Alexander was celebrating his birthday when a group of people became rowdy. That group of people was asked to leave. The group returned to the party with guns and began shooting at the party goers. Alexander was shot twice, once in the shoulder and once in the abdomen. (See Medical Records referenced herein and filed separately under seal as Exhibit A). Alexander knew that this would not be the end of the story. He knew that those individuals would still be after him. He obtained the firearm that forms the basis for his charge because he feared for his life.

He convalesced in his home for several months and by October was going stir crazy and feeling claustrophobic. So, on October 22, 2022, he decided to attend a block party with some friends. He took the firearm with him just in case. He and his friends were having a great time when another individual confronted them. Alexander and his friends fled the scene. Some

more individuals started pointing at them and one of them produced a firearm.   A shootout began and Alexander, fearing for his life, fired the firearm.   The police eventually arrested him.

## ARGUMENT

Alexander recognizes that a 12 month and a day prison sentence, with credit for time served, would mean a substantial variance from the Advisory Guideline range for his Illegal Receipt of a Firearm by a Person Under Indictment conviction.   However, such a sentence is justified when considering the nature and circumstances of the offense and Alexander's history and characteristics

> **Twelve months and a day incarceration for Alexander is appropriate under 18 U.S. Code § 3553 factors.**

In order to impose "a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of [18 U.S.C. § 3553(a)]," the Court must consider and weigh the delineated § 3553 factors.

> 18 U.S.C. § 3553(a) states, among other factors:
>
> (a) Factors To Be Considered in Imposing a Sentence.— The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

As noted above, the nature and circumstances of the offense were life threatening for Alexander.   Although the circumstances of his shooting, and the subsequent threat to his life, was not a justifiable defense to his charge of Illegal Receipt of a Firearm, the use of the firearm was necessary to protect himself.   Alexander is receiving a 4-level enhancement for using or

possessing a firearm "in connection with another felony." (PSR, Par. 21). The felony in question here is the "Discharge of a Firearm" on October 22, 2022, the same day he was arrested in this case. Alexander discharged the firearm only to protect himself. If the 4-level enhancement were not applied, Alexander would be facing a 12-18 month guideline range. Therefore, his request for a sentence of 12 months and a day is not unreasonable

## **CONCLUSION**

Based on the nature and circumstances of the offense combined with Alexander's rough history, Alexander respectfully asks that the Court impose a sentence of 12 months and one day

DATED this 21st day of August, 2024.

    / s / *Carlos A. Garcia*
CARLOS A. GARCIA
Assistant Federal Public Defender